**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4864**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

       v.

ADRIAN GAMBRELL,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:03-cr-01092-HMH-6)

Submitted:  March 28, 2013          Decided:  May 23, 2013

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIUM:

Adrian Gambrell appeals the district court's revocation of his term of supervised release and his resulting sentence of sixty months of imprisonment. On appeal, counsel for Gambrell has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues but asking whether the district court's sentence was procedurally erroneous. Gambrell has not exercised his right to file a pro se supplemental brief. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first determine whether the sentence is unreasonable. Id. at 438. A sentence is procedurally reasonable if the district court considered the Sentencing Guidelines range and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. Id. at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Id. at 440. We take a more deferential appellate posture concerning issues of fact and the exercise of discretion for revocation sentences than for review of sentences imposed after a criminal

2

conviction.  United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

We conclude that Gambrell's revocation sentence is not unreasonable, much less plainly so.  Crudup, 461 F.3d at 439-40. The district court correctly calculated the applicable Guidelines range, considered relevant § 3553(a) factors, explained its reasons for sentencing Gambrell in excess of his 30-37 months advisory Guidelines sentencing range, and imposed a sentence within the statutory maximum.  We have reviewed the entire record pursuant to our obligation under Anders, and we discern no meritorious issue for appeal.

Accordingly, we affirm the revocation of Gambrell's supervised release and his sentence.  This court requires counsel to inform Gambrell, in writing, of his right to petition the Supreme Court of the United States for further review.  If Gambrell requests that a petition be filed, but counsel believes such petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gambrell.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED